UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT JOHNSON,
                           Plaintiff,

v.                                             No. 11-CV-627
                                                           (DNH/DRH)
CORRECTIONS OFFICER TRUEDO and
CORRECTIONS OFFICER HAZE,
                           Defendants.

---

**APPEARANCES:**                            **OF COUNSEL:**

ROBERT JOHNSON
Plaintiff Pro Se
Apartment 2
104 Winnikee Avenue
Poughkeepsie, New York 12601

HON. ERIC T. SCHNEIDERMAN           DOUGLAS J. GOGLIA, ESQ.
Attorney General for the State of New York   Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

     Plaintiff pro se Robert Johnson ("Johnson"), formerly an inmate in the custody of the New York State Department of Corrections and Community Supervision (DOCCS), brings this action against two DOCCS corrections officers alleging that they violated his constitutional rights in violation of 42 U.S.C. § 1983.  Compl. (Dkt. No. 1).  Presently pending is defendants' motion to dismiss pursuant to 28 U.S.C. §§ 1915(e)(2)(A) and 1915(g).  Dkt. Nos. 13. 19.  Johnson opposes the motion.  Dkt. No. 17.  For the reasons

---

     [1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

which follow, it is recommended that defendants' motion be denied.

## I. Background

Johnson has been incarcerated in DOCCS custody on four separate occasions since 1990 and was assigned a new DOCCS department identification number ("DIN") each time. Goglia Decl. (Dkt. No. 13-2) at ¶ 2.   In this action Johnson alleges that while he was incarcerated at Clinton Correctional Facility on February 3, 2011, the two defendants, both corrections officers, took him out of his cell, repeatedly slapped him, poked him in the eye with a cane, made racist references to him, and threatened to kill him if he reported the incident.  Compl. at 5.  Johnson seeks compensatory and punitive damages as well as injunctive relief.  Id. at 7.  This action followed.  Since this action was commenced, Johnson has been released from incarceration.  Dkt. Nos. 5, 12.

## II. Discussion

Defendants contend first that in his application to proceed in forma pauperis (IFP), Johnson falsely denied possessing any funds received from the settlements of unrelated cases in violation of 28 U.S.C. § 1915(e)(2)(A), mandating dismissal of the action.  Defs. Mem. of Law (Dkt. No. 13-1) at 4-5.  Second, defendants contend that at least three prior actions commenced by Johnson   were dismissed for failure to state claims and in accordance with 28 U.S.C. § 1915(g), Johnson's IFP status should be revoked and this action should be dismissed if Johnson fails to pay the filing fee within a certain period of time.  Defs. Mem. of Law at 6-8.

## A. IFP Application

In his IFP application dated May 5, 2011, Johnson was asked, "Have you received any money from any of the following sources within the past twelve months: . . . (g) Friends, Relatives, or any other source?" to which Johnson checked the space for "No." Johnson Motion to Proceed *In Forma Pauperis* and Supporting Affirm. (Dkt. No. 2) at 1. Johnson signed the application under oath. Id. The application included an authorization for DOCCS to disclose his inmate account to the Court and to disburse funds from that account to the Court in full or partial payment of the $350 filing fee. Id. at 3. The application was granted. Dkt. No. 7.[2] Defendants contend that Johnson actually had received approximately $51,500 within the preceding twelve months from the settlements of three cases but failed to disclose this fact as required in the application.

Section 1915(e)(2)(A) provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue . . . ." According to defendants (see Goglia Decl. at ¶ 5), Johnson received a total of $51,500 from the following settlements in other cases he had brought while incarcerated:

- Johnson v. Laux, No. 03-CV-1367 (N.D.N.Y.) was settled for $500 in a stipulation filed October 26, 2010. Goglia Decl. at ¶ 6 & Ex. B.

- Johnson v. Facteau, no. 10-CV-372 (N.D.N.Y.) was settled for $50,000 in a stipulation filed January 31, 2011. Id. at ¶ 7 & Ex. C.

- Johnson v. Alessi, No. 10-CV-8693 (S.D.N.Y.) was settled for $1,000 in a

---

[2]This case was initially filed in the Western District of New York and Johnson filed his application for IFP status in that district. Dkt. No. 2. The action was thereafter transferred to this district. Dkt. No. 3. Following transfer to this district, Johnson's application was granted. Dkt. No. 7.

3

stipulation filed May 27, 2011. Goglia Decl. at ¶ 6 & Ex. D.

As to the Facteau settlement for $50,000, Johnson contends that this case involved a different plaintiff with the same name. Johnson Response (Dkt. No. 17. Defendants appear not to dispute this contention. Defs. Reply (Dkt. No. 19) at 1. A review of the documents filed in Facteau indicates that the DIN for the plaintiff in that case does not match any of the four DINs assigned to Johnson. Compare Facteau Dkt. No. 1-1 at 2 with Goglia Decl. at ¶ 2. Thus, it appears that the Facteau $50,000 settlement may not be attributable to Johnson. Moreover, the Alessi settlement was not filed until May 27, 2011, three weeks after Johnson's IFP application here. Goglia Decl. at ¶ 6 & Ex. D. The record does not indicate when Johnson received actual payment of the settlement,[3] but presuming it was at or about the time the agreement was filed, Johnson was not in possession of that $1,000 at the time he filed his IFP application.

Thus, at most, the record indicates that Johnson had received a $500 settlement in the Laux case in the twelve months preceding his IFP application here and that he failed to disclose it in his application. Johnson offers no sufficient reason for this omission. "A misrepresentation by a plaintiff as to his or her financial assets is not necessarily fatal to the plaintiff's claims. However, dismissal is appropriate where a plaintiff misrepresents [his or] her financial arrangements in bad faith to obtain IFP status." Vann v. Horn, No. 10 Civ. 6777(PKC), 2011 WL 3501880, at *1 (S.D.N.Y. Aug. 9, 2011); see also Tompkins v. Local 32BJ, SEIU & Allied Barton Security Servs., Nos. 11 Civ. 0414(KBF), 11 Civ. 3236(KBF),

---

[3] The Court takes notice that in virtually every financial settlement with inmates in civil rights cases, counsel for the defendants advises that it takes up to four months from the date a settlement is finalized to process a settlement for payment by the state.

2012 WL 1267876, at *12 (S.D.N.Y. Apr. 12, 2012). "Bad faith includes 'conceal[ing] a source of income in order to gain access to a court without prepayment of fees.' " Vann, 2011 WL 3501880, at *1(quoting Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 468 (S.D.N.Y. 2004)). "One of the factors that courts may look at in determining whether a plaintiff has acted in bad faith is their past experience taking advantage of proceeding IFP." Tompkins, 2012 WL 1267876, at *12; see also Shipman v. Mew York State Office of Persons with Developmental Disabilities, No. 11 Civ. 2780, 2012 WL 1034903, at *3 (S.D.N.Y. Mar. 26, 2012).

    Here, no evidence of bad faith in failing to disclose the $500 from the Laux settlement has been proffered. This amount alone is insufficient to demonstrate bad faith. Compare Berry v. Criss, No. 09 Civ. 08413(PKC)(THK), 2012 WL 1656946, at *2-3 (S.D.N.Y. Apr. 16, 2012) (holding that failure to disclose possession of $1,629.00 on IFP application was insufficient by itself to demonstrate bad faith) with Vann, 2011 WL 3501880, at *2 (holding that failure to disclose $30,000 settlement in IFP application demonstrated bad faith). Moreover, Johnson demonstrated a willingness to pay the filing fee from his inmate account with whatever funds were available by signing the authorization to do so. See Dkt. No. 2 at 3. Finally, no evidence has been proffered that in any of Johnson's multiple prior actions,[4] he deliberately withheld any information in an IFP application. On this record, then, there is insufficient evidence to conclude that Johnson acted in bad faith in failing to disclose his possession of $500 from the Laux settlement.

    Accordingly, defendants' motion on this ground should be denied.

---

    [4]According to defendants, Johnson has previously filed at least thirteen federal actions. Goglia Decl. at ¶ 4.

**B. Three Strikes**

Defendants also seek dismissal of the complaint under 28 U.S.C. § 1915(g), which bars prisoners from proceeding IFP after three or more previous claims have been dismissed as frivolous, malicious, or for failing to state a claim. See 28 U.S.C. § 1915(g).[5] Frivolous claims "lack[] an arguable basis either in law or in fact." Tafari v. Hues, 473 F.3d 440, 442 (2d Cir. 2007) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). Malicious claims are filed with the intent to hurt or harm another. Id. (citations omitted). The failure to state a claim applies a parallel definition from Fed. R. Civ. P. 12(b)(6), but "it does not follow that a complaint which falls afoul of the [12(b)(6) motion to dismiss] standard will invariably fall afoul of the [§ 1915(g) standard]." Neitzke, 490 U.S. at 326; see also Tafari, 473 F.3d at 442.[6] Dismissal is not precluded by the fact that Johnson has already been granted IFP status in this action. Dkt No. 4. When a court becomes aware of three prior strikes only after granting IFP status, it is appropriate to revoke that status and bar the complaint under § 1915(g). See McFadden v. Parpan, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998).

Defendants contend that the following three actions brought by Johnson constitute "strikes" under § 1915(g):

---

[5] The three-strikes provision was adopted as part of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1995), which had as its principal purpose deterring frivolous prisoner litigation. Nicholas v. Tucker, 114 F.3d 17, 19 (2d Cir. 1997).

[6] This "three-strikes" provision contains a narrow exception which permits suits, notwithstanding prior dismissals, when the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see also Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (applying imminent danger exception "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'"). Johnson makes no claim of imminent danger here which would invoke this exception.

6

1. Johnson v. People of the County of Duchess, No. 98-CV-6476 (S.D.N.Y.) was dismissed as frivolous or malicious by the District Court for the Southern District of New York on September 14, 1998 pursuant to 28 U.S.C. § 1915(d). Dkt. No. 13-7 (Docket Entry 3) (dismissing action pursuant to 28 U.S.C. § 1915(d)).  A dismissal pursuant to § 1915(d) indisputably constitutes a "strike" for purposes of § 1915(g). Martin v. Goord, No. 05-CV-1583, 2008 WL 5057297, at *2 (N.D.N.Y. Nov. 24, 2008) (Hurd., J.); Kalwasinski v. McCraken, No. 09-CV-6295, 2009 WL 4042973, at *4 (W.D.N.Y. Nov. 19, 2009).

2. In Johnson v. Mid-State Correctional Facility, No. 99-CV-01670 (LEK) (N.D.N.Y.), the action was dismissed in an order filed October 31, 2001 pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Dkt. No. 13-8.

3. In Johnson v. Goord. No. 00-CV-1689 (LEK) (N.D.N.Y.), the complaint was dismissed pursuant to 28 U.S.C. § 1915A.  Dkt. No. 13-9. While Johnson was allowed leave to file an amended complaint within thirty days of the issuance of that order, he failed to do so, and the action was finally dismissed on March 14, 2001.4  Id., at Dkt. No. 7.

The first two cases clearly qualify as "strikes" under § 1915(g) as they were dismissed for failure to state a claim.  The third case, however, is less clearly a "strike." There is no docketed decision or order in that case reflecting the basis for its dismissal other than the text order dismissing with leave to file an amended complaint and the final judgment dismissing the action.  The text order states in total that

> Order Directing Compliance as to Robert Johnson. ORDERED that pltf file an amended complaint w/in 30 days or this action be dismissed. IFP is granted. Date Served: 11/28/00 Date Entered: 11/28/00 Notice of compliance due by 12/28/00 Clerk's action due by 1/27/01 ( Signed by Judge Lawrence E. Kahn ) (rjb) (Entered: 11/28/2000).

7

Dkt. No. 13-9 at Docket Entry No. 4. Although Johnson requested and received two extensions of time to file an amended complaint, none was filed. Id. at Docket Entry Nos. 5, 6. A final judgment was thereafter entered. Id. at Docket Entry No. 7. That judgment stated in total as the basis for the dismissal that

> IT IS ORDERED AND ADJUDGED that this action is dismissed for failure of the plaintiff to file an amended complaint in compliance with the Order of the Honorable Lawrence E. Kahn, filed November 28, 2001.

Johnson v. Goord Dkt. No. 7.

As defendants note, the Second Circuit Court of Appeals has not directly addressed whether a complaint dismissed in this manner constitutes a "strike" for purposes of § 1915(g). Decisions from tat least two district courts in this circuit have held that such a dismissal is for failure to prosecute the action rather than failure to state a claim. See, e.g.Toliver v. Perri, No. 10 Civ. 3165, 2011 WL 43461, at *1 (S.D.N.Y. Jan. 6, 2011); Kalwasinski, 2009 WL 4042973, at *4. Decisions from district courts in other circuits have held that such dismissals may constitute "strikes." See, e.g., Sumner v. Tucker, 9 F. Supp. 2d 641, 644 (E.D. Va. 1998) (dismissal with leave to replead constituted a strike despite fact that inmate declined to amend and instead sought to discontinue without prejudice); Ruff v. Ramirez, No. 07-0962, 2007 WL 4208286, at *5 (S.D. Cal. 2007) (dismissal for failure to prosecute by itself is not within ambit of Section 1915(g).

Here, the only reason given by the district court for the dismissal in Johnson v. Goord was Johnson's failure to file an amended complaint. Although it could be inferred, there is no statement in the record that the case was dismissed for failure to state a claim, frivolousness, or any other reason which might give rise to a "strike. Complaints may be

8

dismissed with leave to file an amended complaint for reasons other than failing to state claim, including seeking relief against a defendant who is immune from suit, failing to file a complaint in acceptable form, filing a complaint that is unintelligible, and other reasons. See 28 U.S.C. § 1915A; Fed. R. Civ. P. 8, 10.  The only reasons stated for the dismissal of Johnson v. Goord was Johnson's failure to file an amended complaint as directed by the court.  Dkt. No. 13-9.  This stated reason suggests a dismissal for failure to prosecute or comply with the order of the court, not for failing to state a claim as contended by defendants.  Therefore, it is unnecessary to determine whether a dismissal with leave to file an amended complaint may constitute a "strike" under § 1915(g) because on the record presented here, defendants have failed to demonstrate that the dismissal in Johnson v. Goord was for failing to state a claim rather than for failing to prosecute or to comply with a court order, neither of which would constitute a "strike" under § 1915(g).

Accordingly, defendants' motion on this ground should also be denied.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that defendants' motion to dismiss be **DENIED** in all respects.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.D.N.Y.L.R. 72.1(c) (citing 28 U.S.C. § 636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d

85, 89 (2d Cir. 1993); <u>Small v. Sec'y of HHS</u>, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

DATED: June 15, 2012
          Albany, New York

_David R. Homer_
United States Magistrate Judge